**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARL V. WEISBAUM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-1065-C** |
| | § | |
| **DALLAS HOUSING AUTHORITY,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation is *Defendant's Motion for Summary Judgment*, filed November 17, 2017 (doc. 11). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

This lawsuit arises out of alleged housing discrimination at an apartment complex located at 10025 Shoreview Road, Dallas, Texas 75238 (the Property). (docs 12 at 2; 13 at 3, 6-7.)[1] The Property is operated by the Dallas Housing Authority (Defendant). (doc. 12 at 2.) Although unclear, it appears that Carl Weisbaum (Plaintiff) is asserting a claim for race discrimination under section 3604(b) of the Fair Housing Act (FHA) against Defendant. (docs. 1-4 at 5-6; 13 at 7.)

Plaintiff is a Caucasian male who lives on the Property operated by Defendant. (doc. 13 at 7.) The manager at the Property is Eric Robinson (Manager), an African-American male. (docs.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

12 at 2; 13 at 3.)  In August 2015, Plaintiff went to the Manager's office to complain about his

upstairs neighbor's barking dog.  (doc. 12 at 2-3; 13 at 3, 7.)  The Manager went to the neighbor's

unit, heard the dog barking, and knocked on the door but there was no answer.  (doc. 13 at 4.)  He

then attempted to contact the neighbor by telephone but left a voice message after she did not

answer.  (*Id*.)  The neighbor, a Caucasian female, subsequently contacted the Manager, who "told

her that she needed to do something with the dog because of the complaint . . . ."  (*Id*.)  She agreed

to remove the dog from her apartment, and it was placed in another home about a week and a half

later.  (*Id*. at 11.)  Upon removal, the Manager believed the issue had been resolved and reported to

Plaintiff that he had dealt with the situation.  (*Id*. at 4, 12.)  The Manager did not issue a lease

violation because the neighbor removed the dog.  (*Id*. at 12.)

On February 19, 2016, Plaintiff filed a housing discrimination complaint with the U.S.

Department of Housing and Urban Development (HUD) alleging that Defendant discriminated

against him based on race in violation of the FHA.  (docs. 12 at 3; 13 at 6-7.)  He alleged that his

neighbor's dog "barked so incessantly that it prevented [him] from sleeping, eventually affecting

his health to the extent that he was required to wear a heart monitor."  (doc. 13 at 7; *see also* doc.

1-4 at 6.)  He claimed that he "made repeated requests of [Defendant's] management to intervene

and have the dog removed under the terms of the lease," but management "refused to do so" for

three months.  (*Id*.)  He believed Defendant "refused to act on the dog noise problem because

[Defendant's] management is Black and he is Caucasian."  (doc. 13 at 7.)  He also believed "that if

he were Black, he would have received better treatment concerning his complaint."  (*Id*.)  HUD

investigated Plaintiff's complaint and dismissed it after determining "that no reasonable cause

exist[ed] to believe that a discriminatory housing practice ha[d] occurred."  (*Id*. at 8.)

On August 9, 2016, Plaintiff filed his *pro se* original petition in state court seeking "to recover damages for personal injuries sustained by [him]." (doc. 1-4 at 5-6.) On April 20, 2017, Defendant removed this action to this Court on the basis of federal question jurisdiction. (doc. 1-3 at 1-2.) Defendant now moves for summary judgment on all of Plaintiff's claims against it. (docs. 11; 12.) Plaintiff has failed to respond. This motion is now ripe for recommendation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id*. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 459 (5th Cir. 1995), *revised on*

3

*other grounds*, 79 F.3d 1415 (5th Cir. 1995) (en banc). "If the [nonmoving party's] theory is . . . senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468–69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of

evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Where, as here, the nonmovant fails to respond to the motion for summary judgment, the failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

### III. ANALYSIS

Defendant moves for summary judgment on Plaintiff's FHA discrimination claim on grounds that "[t]here is no evidence that [it] discriminated against Plaintiff because of his race," or that its alleged "conduct was motivated . . . by racial animus," and "[t]he FHA does not protect against post-acquisition conduct relating to the habitability of a residence . . . ." (doc. 12 at 4-6, 8-9.)

Section 3604(b) of the FHA makes it unlawful "[t]o discriminate against any person in terms,

5

conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The Fifth Circuit has held that in order to establish a violation under section 3604(b), "the alleged discrimination must be in connection with the sale or rental of a dwelling." *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 746 (5th Cir. 2005) (quotations omitted); *see also Hood v. Pope*, No. , 2015 WL 225042, at *5 (S.D. Tex. Jan. 15, 2015), *aff'd*, 627 F. App'x 295 (5th Cir. 2015) (plaintiffs failed to state a claim for relief under section 3604(b) because their allegations of harassment, "such as additional fees, loud noises, and being followed," were not in connection with the initial rental of their unit); *Schwarz v. Vills. Charter Sch., Inc.*, No. 5:12-CV-177-OC-34PRL, 2014 WL 12623013, at *6 (M.D. Fla. May 23, 2014) ("Not only must there be a connection to the dwelling, there must be a connection to the sale or rental of that dwelling." (quotations omitted)). "Plaintiffs must show that Defendant's discrimination affected the availability of housing, not merely the habitability of housing." *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 728–29 (S.D. Tex. Mar. 12, 2010) (citing cases); *see Reule v. Sherwood Valley I Council of Co-owners Inc.*, 235 F. App'x 227, 227–28 (5th Cir. 2007), *cert. denied*, 552 U.S. 1320 (2008) (affirming dismissal of claims under § 3604 of the FHA because they involved habitability, rather than availability, of housing); *Pelot v. Criterion 3, LLC*, 157 F. Supp. 3d 618, 622 (N.D. Miss. 2016) (recognizing that section 3604 prohibits discrimination related to availability, not habitability). "The habitability of a home is generally understood as the value or the ability of a resident to enjoy a home. In contrast, a home's availability refers to the ability to acquire or sell the home." *Petty*, 702 F. Supp. 2d at 729 (citations omitted).

Here, it is undisputed that Plaintiff is already renting the apartment where he lives. (*See*

docs. 1-4 at 6; 12 at 3; 13 at 6-7.)  He does not allege discrimination related to the rental or availability of his apartment.  (*See* doc. 1-4 at 5-6)  Rather, as Defendant points out, Plaintiff's complaint in his original petition relates to actions that occurred when he was already renting his apartment.  (docs. 12 at 6-7; 1-4 at 5-6.)  His claim is related to the habitability of his apartment because he asserts that his upstairs neighbor's dog barked "so incessantly" that it affected his sleep and health.  (docs. 12 at 713 at 7; *see* doc. 1-4 at 6.)  The impact on "the use and enjoyment of [his] property" does not make his claim redressable under the FHA.  *Schwarz*, 2014 WL 12623013, at *9.

Because Plaintiff has not alleged discrimination "in connection with the sale or rental of [his] dwelling," he has not alleged a viable cause of action under the FHA, and Defendant has met its summary judgment burden.  *See Cox*, 430 F.3d at 746 (quotations omitted).  The burden now shifts to Plaintiff to identify a viable cause of action against Defendant.  Because he has not responded, he has failed to meet his summary judgment burden, and Defendant is entitled to summary judgment on Plaintiff's FHA claim.  *See id.* (affirming the district court's grant of summary judgment on a section 3604(b) claim because the alleged discrimination "was not 'connected' to the sale or rental of a dwelling"); *see also Pelot*, 157 F. Supp. 3d at 622–23 (dismissal was appropriate where FHA claims related to habitability, not availability); *Hood*, 2015 WL 225042, at *5–6 (dismissing FHA claim because the plaintiffs failed to allege they were discriminated against "in connection with the initial rental of the unit").[2]

## IV.  RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**.

---

[2] Because it is recommended that Defendant be granted summary judgment on this basis, its additional arguments need not be considered.

**SO RECOMMENDED** on this 20th day of April 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE